# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 15-0312V
Filed: July 30, 2015
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| JOVAN RAGIA, | * |
| | * |
| Petitioner, | * Ruling on Entitlement; Concession; |
| v. | * Tetanus, Diphtheria, acellular Pertussis |
| | * Vaccine ("Tdap"); Shoulder Injury |
| SECRETARY OF HEALTH | * Related to Vaccine Administration |
| AND HUMAN SERVICES, | * ("SIRVA"); Special Processing Unit |
| | * ("SPU") |
| Respondent. | * |
| | * |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

*John Howie, Jr., Esq., Howie Law, P.C., Dallas, TX, for petitioner.*
*Claudia Gangi, Esq., U.S. Department of Justice, Washington, DC for respondent.*

## RULING ON ENTITLEMENT[1]

**Vowell**, Chief Special Master:

On March 26, 2015, Jovan Ragia filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act" or "Program"]. Petitioner alleges that he suffered a shoulder injury caused by the tetanus, diphtheria, acellular pertussis ("Tdap") vaccine he received on April 16, 2014. Petition at 1, ¶¶ 1, 21. Petitioner also alleges that his injuries lasted more than six months and that he continues to suffer the residual effects of his injury. *Id.*, ¶¶ 18-19. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On July 29, 2015, respondent filed her Rule 4 report in which she concedes that petitioner "compensation is appropriate" in this case. Respondent's Rule 4 Report at 5. Specifically, respondent "concludes that petitioner suffered a non-Table injury of SIRVA

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

and that the preponderance of the medical evidence indicates that the injury was causally related to the Tdap vaccination he received on April 16, 2014." *Id.* Furthermore, respondent agrees that petitioner has "met the statutory requirements by suffering the condition for more than six months." *Id.*

**In view of respondent's concession and the evidence before me, I find that petitioner is entitled to compensation.**

<u>**s/Denise K. Vowell**</u>
Denise K. Vowell
Chief Special Master